# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2270

_____

Sheri Grell

*Plaintiff  Appellant*

v.

Department of Energy; Secretary Dan Brouillette

*Defendants  Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: January 29, 2020
Filed: February 4, 2020
[Unpublished]

_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Sheri Grell appeals the district court's[1] adverse grant of summary judgment and denial of her cross-motion for summary judgment on her claim that her former

_____

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

employer, the United States Department of Energy ("DOE"), failed to accommodate her disabilities, in violation of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 701 to 794g.

Upon careful de novo review, we conclude summary judgment was proper because the uncontroverted facts established the DOE accommodated Grell's disabilities, to the extent she requested specific accommodations and those requests were reasonable. *See Cravens v. Blue Cross & Blue Shield of Kansas City*, 214 F.3d 1011, 1016 (8th Cir. 2000) (reviewing de novo grant of summary judgment); *see also Fenney v. Dakota, Minn. & E.R.R. Co.*, 327 F.3d 707, 712 (8th Cir. 2003) (describing elements of prima facie case for failure-to-accommodate claim under Americans with Disabilities Act ("ADA")); *Gorman v. Bartch*, 152 F.3d 907, 911-12 (8th Cir. 1998) (stating cases interpreting ADA and RA are "interchangeable"); *cf. Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015) (An employee "must establish both a prima facie case of discrimination based on disability and a failure to accommodate it."). We further conclude the uncontroverted facts showed the DOE engaged in an interactive process in an attempt to ascertain Grell's needs and identify reasonable accommodations. *See Schaffhauser*, 794 F.3d at 906 (stating the employee has the burden to alert, and initiate an interactive process with, the employer to determine whether, and, if so, what accommodation is necessary based on the relevant details of the disability).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____